IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROBERT J. HINES,                    )
          Plaintiff,                )
                                    )
     v.                             )   Civil Action No. 07-0594
                                    )
THE TOWNSHIP OF HARRISON,           )
PENNSYLVANIA,                       )
          Defendant.                )

MEMORANDUM and ORDER

Gary L. Lancaster,
District Judge.                          September 28, 2007

     This is an action in employment discrimination.  Plaintiff
has brought claims under the Americans with Disabilities Act, the
Family Medical Leave Act, and the Pennsylvania Human Relations
Act.   Plaintiff alleges that his FMLA rights were interfered
with, that he was discriminated against due to his disability,
and that he suffered retaliation under both the FMLA and the
ADA.[1]  Plaintiff seeks injunctive relief against future unlawful
practices and monetary relief, including punitive damages.[2]

---

[1]    Plaintiff's pendant PHRA claim is construed
       consistently with federal law.  Salley v. Circuit City
       Stores, Inc., 160 F.3d 977, 979 n.1 (3d Cir. 1998);
       Kelly v. Drexel Univ., 94 F.3d 102, 105 (3d Cir. 1996).

[2]    Defendant has moved to dismiss plaintiff's claim for
       punitive damages, arguing that municipalities are not
       subject to such damages.  Plaintiff has not responded
       to this point.  We will dismiss the claim for punitive
       damages.

Defendant has filed a motion to dismiss arguing that plaintiff has failed to state a claim under either the FMLA, or the ADA [doc. no. 9]. Because the objections raised by defendant require consideration of factual matters not yet in evidence, we deny the motion to dismiss.

I.      BACKGROUND

Plaintiff worked for Harrison Township for approximately 25 years, most recently as their Director of Public Works.   In November of 2004 plaintiff's doctors diagnosed him with depression and anxiety, and advised him to stop working. Plaintiff followed his doctors' advice, and stopped reporting to work on November 17, 2004.  Plaintiff was cleared to return to work sometime in June of 2005, although there is a factual dispute as to the exact date on which his doctors released him.

During his medical leave, plaintiff alleges that defendant failed to provide him with the required notice of his rights under the FMLA, repeatedly threatened him with termination for taking time off, required unnecessary medical documentation and authorizations, refused to refrain from contacting him at home regarding work matters, and revoked his sick pay.  According to plaintiff these actions caused him financial harm and exacerbated his medical condition, making him unable to return to work more

2

promptly.

II.   STANDARD OF REVIEW

For the purposes of a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), this court must accept as true all well-pleaded factual allegations in the complaint and construe the complaint in the light most favorable to the plaintiff in order to determine whether "under any reasonable reading of the pleadings, the plaintiff may be entitled to relief." Colburn v. Upper Darby Township, 838 F.2d 663, 665-66 (3d Cir. 1988). The proper inquiry is "whether relief could be granted...'under any set of facts that could be proved consistent with the allegations'". Gasoline Sales, Inc. v. Aero Oil Co., 39 F.3d 70, 71 (3d Cir. 1994).

III.   DISCUSSION

Based on this legal standard, the facts pled in the complaint, and the relevant case law, we cannot say at this point in the proceedings that there is no possibility that plaintiff will be entitled to any relief against defendant.

A.   FMLA

Plaintiff has asserted an interference claim and a
retaliation claim under the FMLA.  Plaintiff does not claim
that he was denied leave under the FMLA.  It is undisputed that
he was on leave for a significant period of time, more than
that allowed under the FMLA.  Instead, plaintiff claims that
defendant discouraged, interfered with, or "chilled" the
exercise of his FMLA rights.  In particular, plaintiff alleges
that he was not given proper notice of his rights under the
FMLA, and that he was required to execute burdensome medical
authorizations beyond those required by the FMLA.  According to
plaintiff, he was prejudiced by these actions because he lost
the ability to structure his leave in the most advantageous
way possible, and disclosed personal information that he had no
duty to reveal to his employer.

These are both viable theories of recovery under the
FMLA, if supported by appropriate facts.  Sommer v. The
Vanguard Group, 461 F.3d 397, 399 (3d Cir. 2006); Callison v.
City of Philadelphia, 430 F.3d 117, 119-120 (3d Cir. 2005);
Conoshenti v. Public Service Electric & Gas Comp., 364 F.3d
135, 142-44 (3d Cir. 2004); Gibson v. Lafayette Manor, Inc.,
2007 WL 951473, *17-18 (W.D. Pa. Mar. 27, 2007).  Whether
plaintiff will be able to develop the facts necessary to

4

support such an interference claim is uncertain.  However, it would be improper to dismiss the FMLA claim without the benefit of a factual record.  Therefore, plaintiff's FMLA interference claim survives a motion to dismiss.

Plaintiff has also brought a retaliation claim under the FMLA.  He claims that he suffered several adverse employment actions because he used his FMLA benefits, including losing his sick pay benefits, and being terminated.  Provided plaintiff can causally connect these employment actions to his taking of FMLA leave, he could establish a <u>prima</u> <u>facia</u> case. <u>Conoshenti</u>, 364 F.3d at 146-48.  However, we cannot make a determination as to causation in the context of a motion to dismiss.  <u>See</u> e.g., <u>Ashton v. American Telephone and Telegraph Comp.</u>, 225 Fed.Appx. 61, 67-68 (3d Cir. 2007) (causation decided on motion for summary judgment).  Once a factual record is developed, we can properly evaluate the issue of causation.  Therefore, the FMLA retaliation claim also survives a motion to dismiss.

B.  ADA

Plaintiff has also asserted claims under the ADA. Plaintiff alleges that he was discriminated against because of his disability, and was retaliated against for asserting his rights under the ADA.  To state a prima facia case of disability discrimination under the ADA, a plaintiff must show that: (1) he has a disability; (2) he is qualified to perform the essential functions of the job, with, or without, reasonable accommodation; and (3) he has suffered an adverse employment action.  Gaul v. Lucent Technologies, Inc., 134 F.3d 576, 580 (3d Cir. 1998).  Defendant argues that plaintiff's discrimination claim is fatally flawed because plaintiff cannot establish that he is a "qualified individual."  According to defendant, an employee who does not go to work cannot, by definition, perform the essential functions of the job.

Defendant is right, to some extent.  Regular attendance often is an essential function of a job.  Smith v. Davis, 248 F.3d 249, 251 (3d Cir. 2001).  However, there are situations in which extended leave is allowed under the ADA, such as where the leave will enable an employee to perform the essential functions of the job in the near future. Conoshenti, 364 F.3d at 151.  There are several factors to

6

consider in deciding whether the leave was of the qualifying kind under the ADA, or not.  See e.g., Fogleman v. Greater Hazleton Health Alliance, 122 Fed. Appx. 581 (3d Cir. 2004). Although plaintiff was absent from work for many months, there is some dispute as to when he was able to return, and why his return date was extended.  We cannot assess these factors, and resolve such factual disputes, in the context of a motion to dismiss.   Thus, plaintiff's ADA discrimination claim survives a motion to dismiss.

Defendant further objects to plaintiff's ADA discrimination claim, and his ADA retaliation claim, on the ground that they are time-barred.  Plaintiff filed two charges with the EEOC.  The EEOC issued a right to sue notice regarding the first charge on September 20, 2006.  Plaintiff filed this case on May 4, 2007.  Therefore, according to defendant, any allegations raised in the first charge are time-barred.  Plaintiff alleges that because he filed this case within 90 days of receiving his second right to sue letter, his claims are not time-barred.  The extent to which plaintiff's claims are time-barred, some of which likely are, is dependant on the facts of the case.  We cannot make such a determination on a motion to dismiss.

IV.   <u>CONCLUSION</u>

For the foregoing reasons, we will dismiss plaintiff's claim for punitive damages, but deny the remainder of defendant's motion to dismiss.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROBERT J. HINES,                    )
            Plaintiff,              )
                                    )
        v.                          )   Civil Action No. 07-0594
                                    )
THE TOWNSHIP OF HARRISON,           )
PENNSYLVANIA,                       )
            Defendant.              )

ORDER

        AND NOW, this **28th** day of September, 2007, IT IS

HEREBY ORDERED that defendant's motion to dismiss [doc. no. 9]

is GRANTED, in part, and DENIED, in part.  Defendant's motion

to dismiss the prayer for punitive damages is GRANTED.  The

remainder of defendant's motion to dismiss is DENIED, without

prejudice to defendant's right to raise these issues in a

motion for summary judgment on a fully developed record.

                            BY THE COURT,

                            _____, J.

cc:   All Counsel of Record

9